# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>           Plaintiff,<br><br>     v.<br><br>JACK CARTER,<br><br>           Defendant. | 1:14-cv-00624-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM (ECF No. 1)<br><br>FOURTEEN-DAY DEADLINE |

### Findings and Recommendations

Plaintiff Gregory Ell Shehee ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's complaint, filed on April 28, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.     Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Complaint

Plaintiff alleges that Jack Carter, Chief of Police Services for the Department of State Hospitals, deprived Plaintiff of his right to a fair trial by denying Plaintiff crime discovery and receipt of evidence in pending state court criminal matters. Plaintiff's complaint includes a motion to compel the production of documents by Coalinga State Hospital, including police reports, and discovery regarding patients at Coalinga State Hospital. Plaintiff's complaint also appears to seek the return of documents from a Deputy District Attorney produced by Plaintiff in a criminal matter. Plaintiff alleges that he being denied the right to a fair trial in state court related to the denial of criminal discovery.

## III. Discussion

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is not a short and plain statement of his claims showing that he is entitled to relief. It is disjointed, repetitive, and conclusory. Nonetheless, it is evident that Plaintiff is complaining about discovery in one or more state court criminal matters.

### 2. Abstention

Absent extraordinary circumstances, this court is barred from directly interfering with any ongoing criminal proceedings against Plaintiff in state court. See Younger v. Harris, 401 U.S. 37, 46 & 48-50, 91 S.Ct. 746 (1971); Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980)

(exceptions to the general rule of federal abstention arise only in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."); Oliver v. Pineschi, 2014 WL 1431709, *2-3 (E.D. Cal. Apr. 11, 2014) (Younger abstention intended to apply where plaintiff seeks to have district court intervene in an ongoing criminal prosecution); Mansanares v. Arizona, 2011 WL 5924349, *6 (D. Ariz. Nov. 22, 2011) (in most circumstances Younger abstention doctrine prevents federal court from directly interfering without ongoing criminal proceedings in state court). Further, the district court lacks jurisdiction over any request for discovery in Plaintiff's state court criminal matter. Easley v. Jones, 2009 WL 2152084, *3 (E.D. Cal. Jul. 10, 2009).

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief can be granted. The deficiencies at issue are not curable through amendment. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839, (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 13, 2015**           **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE